IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mold-A-Rama Inc., <br><br> Plaintiff, <br><br> v. <br><br> Bruce Weiner and Collector-Concierge-International, <br><br> Defendants. | Case No. 1:18-cv-8261 <br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff Mold-A-Rama Inc., by its attorneys, Quarles & Brady LLP, hereby states its Complaint against Defendants Bruce Weiner and Collector-Concierge-International as follows:

## THE PARTIES

1. Plaintiff Mold-A-Rama Inc. ("Mold-A-Rama") is an Illinois corporation with its principal place of business located at 9106 31st Street, Brookfield, IL 60513.

2. Upon information and belief, Defendant Bruce Weiner ("Weiner") is an individual residing at 3689 Haddon Hall Rd. NW, Atlanta, Georgia 30327.

3. Upon information and belief, Defendant Collector-Concierge-International ("Collector-Concierge") is a Canadian entity with its principal place of business located at 12647 238 St., Maple Ridge, British Columbia V4R 1P9, Canada.

## JURISDICTION AND VENUE

4. This is an action for federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under Illinois common law; and deceptive

trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1121, 1331 and 1338(a)-(b).

6. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Weiner under 735 Ill. Comp. Stat. 5/2-209 because he transacts business within the State of Illinois and the Northern District of Illinois through its agent, Collector-Concierge. Weiner has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district through its agent, Collector-Concierge.

8. This Court has personal jurisdiction over Collector-Concierge under 735 Ill. Comp. Stat. 5/2-209 because it transacts business within Illinois and the Northern District of Illinois. Collector-Concierge has caused and is causing injury and damages within Illinois and this judicial district by committing infringing acts within Illinois and this judicial district. Accordingly, the acts underlying this action substantially occurred in this District.

9. Venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391.

## FACTS GIVING RISE TO THIS ACTION

10. Mold-A-Rama hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth herein full.

### Mold-A-Rama

11. Mold-A-Rama owns and operates about 60 MOLD-A-RAMA vending machines throughout the Midwest, including machines at the Como Park Zoo & Conservatory in Saint Paul, Minneapolis; the Henry Ford Museum of American Innovation in Dearborn, Michigan; the

Milwaukee County Zoo in Milwaukee, Wisconsin; the Brookfield Zoo in Brookfield, Illinois; and the Field Museum, the Lincoln Park Zoo, the Museum of Science and Industry, and the Willis Tower in Chicago, Illinois. Mold-A-Rama also owns and operates a MOLD-A-RAMA vending machine at the San Antonio Zoo in San Antonio, Texas.

12. One of Mold-A-Rama's MOLD-A-RAMA vending machines is shown below:



13. Upon information and belief, MOLD-A-RAMA vending machines were introduced to the public in 1962 at the Seattle World's Fair and immediately generated significant fanfare. Only about two hundred MOLD-A-RAMA vending machines were ever made, the last of which was manufactured in 1969. Thus, an original MOLD-A-RAMA vending machine is about fifty years old.

14. At certain locations, MOLD-A-RAMA vending machine have been operating for decades. For example, MOLD-A-RAMA vending machines have been operating at the Brookfield Zoo for over 50 years.

15. Each MOLD-A-RAMA vending machine is a stand-alone factory. MOLD-A-RAMA vending machines employ a unique injection molding process to manufacture plastic souvenir figurines such as animals, dinosaurs, fictional characters, American presidents, Christmas trees, cars, planes, trains, and submarines. Examples of dinosaur figurines produced by a MOLD-A-RAMA vending machine are shown below:



16. Specifically, when a customer inserts money into one of the MOLD-A-RAMA vending machines, the machine injects molten plastic into a two-piece mold. The machine then cools and solidifies the plastic, separates the pieces of the mold from each other, and dispenses a plastic figurine to the customer. The entire process takes less than a minute.

17. The MOLD-A-RAMA vending machines are complicated machines that employ technology from the 1950s and 1960s. Each machine stores about a gallon of plastic and heats the plastic to a molten state. Each machine also requires hydraulics pistons to drive the mold pieces together and part. Moreover, the molds are constantly cooled by coolant, which is

pumped from a specifically designed water chiller and circulated through the mold pieces. In addition, a pump pumps the molten plastic into the mold, and a compressor blows air between the mold pieces during the manufacturing process.

18. Many figurines made by MOLD-A-RAMA vending machines are collectors' items that can sell for tens or even hundreds of dollars. Likewise, MOLD-A-RAMA vending machines are highly coveted collector items and can be significant sources of revenue.

19. Indeed, MOLD-A-RAMA vending machines form the backbone of Mold-A-Rama's business.

20. Mold-A-Rama is a family owned business that was originally founded in 1971 under the name The William A. Jones Co. The company began when William Jones purchased his first MOLD-A-RAMA vending machines. Eventually, the company acquired more MOLD-A-RAMA vending machines and became the biggest operator of MOLD-A-RAMA vending machines in the Midwest.

21. In 2011, The William A. Jones Co. changed its name to Mold-A-Rama Inc. It is now run by William Jones' son, Paul Jones.

22. One of Mold-A-Rama's principal business functions is to clean, maintain, and service its MOLD-A-RAMA machines to ensure the quality of the plastic figurines produced by the machines. At the same time, Mold-A-Rama must maintain the originality and nostalgia of the MOLD-A-RAMA vending machines that its customers affiliate with Mold-A-Rama and its MOLD-A-RAMA vending machines.

### Mold-A-Rama's MOLD-A-RAMA Trademark

23. Mold-A-Rama is the owner of all rights in and to the MOLD-A-RAMA trademark for use in connection with vending machine services that create and provide plastic souvenirs.

24. Mold-A-Rama has used the MOLD-A-RAMA mark in connection with vending machine services that create and provide plastic souvenirs since 1971, when it (under its former name) began operating MOLD-A-RAMA vending machines at locations in the Midwest.

25. Mold-A-Rama is the owner of U.S. Registration No. 3,307,209 for the MOLD-A-RAMA mark. A copy of U.S. Registration No. 3,307,209 is attached as Exhibit A.

26. Mold-A-Rama has expended considerable money, time, and effort in promoting and popularizing the MOLD-A-RAMA mark and in preserving the goodwill associated therewith. As a result, the MOLD-A-RAMA mark is extremely valuable to Mold-A-Rama.

**Defendants' Infringing Use of the MOLD-A-RAMA Trademark**

27. Upon information and belief, Weiner is a private collector of coin-operated machines.

28. Coin-operated machines are sometimes referred to as "coin-op."

29. Upon information and belief, Weiner purchased MOLD-A-RAMA vending machines ("Weiner's machines") several years ago.

30. Upon information and belief, after purchasing the machines, Weiner materially altered the machines by replacing integral components of the machines with modern, non-MOLD-A-RAMA parts. As a result, the machines owned by Mr. Weiner are no longer MOLD-A-RAMA vending machines. Instead, the machines are new products. Thus, any retention of the MOLD-A-RAMA mark on Weiner's machines or use of the MOLD-A-RAMA mark in connection with the marketing, promotion, offer for sale, or sale of Weiner's machines is a misnomer and is likely to cause confusion as to the sponsorship, affiliation, or source of Weiner's machines.

31. Collector-Concierge promotes, markets, and sells memorabilia on behalf of private collectors. Upon information and belief, Weiner retained Collector-Concierge to promote, market, and sell Weiner's machines to customers in the United States on behalf of Weiner. As such, Collector-Concierge is an agent of Weiner.

32. Weiner and Collector-Concierge are currently offering Weiner's machines for sale using the MOLD-A-RAMA mark on the machines themselves and in promotional materials.

33. Upon information and belief, Rick Sky ("Mr. Sky") is an agent and the owner of Collector-Concierge.

34. Collector-Concierge represents Mike Hasanov ("Mr. Hasanov") to the public as an agent of Collector-Concierge and the head of Collector-Concierge's coin-operated machine division.

35. Upon information and belief, Mr. Hasanov is an Illinois resident who maintains a place of business at 235 Crooked Lane, North Barrington, Illinois 60010.

36. Upon information and belief, Mr. Hasanov works on behalf of Collector-Concierge from within Illinois.

37. Upon information and belief, Mr. Hasanov is also the owner of Vintage Coin-Op Restorations, an Illinois corporation.

38. Upon information and belief, Collector-Concierge commissioned the production of a video called *"The Story of the Mold A Rama Machine - Special Chicagoland Edition!"* ("the video") on behalf of and at the direction of Weiner in order to promote and market Weiner's machines. The video is available to the U.S. public, including Illinois residents, via the internet at https://vimeo.com/300151695 (last visited December 11, 2018).

39. The video targets Illinois residents as potential customers of Weiner's machines, particularly those in the Chicagoland area.

40. For example, to entice Illinois residents to purchase Weiner's machines, the video discusses Mold-A-Rama's MOLD-A-RAMA vending machine at the Lincoln Park Zoo in Chicago, Illinois. The video also contains video footage of the Lincoln Park Zoo.

41. Weiner, Mr. Sky, and Mr. Hasanov appear in the video and promote Weiner's machines for sale.

42. According to Weiner, he is selling his machines "to recover a little bit of my upfront R&D costs of these machines."

43. Mr. Hasanov states in the video that Weiner "modernized the technology of these [Weiner's] great machines."

44. Mr. Sky states that the "mechanics [of Weiner's machines] have been advanced to the point where it's ready for day-in-day-out commercial use."

45. The video states that Mr. Sky or Mr. Hasanov should be called "to contact Collector-Concierge-International, for any collector's services [sic] needs including the purchase of a Mold-A-Rama."

46. Thus, despite knowing that significant and material aspects of Weiner's machines have been altered, Weiner and Collector-Concierge repeatedly use the MOLD-A-RAMA mark to promote Weiner's machines in the video and represent Weiner's machines as MOLD-A-RAMA vending machines.

47. Upon information and belief, Mr. Hasanov operates a Facebook page titled "Vintage Coin -Op Restorations."

48. On October 23, 2018, Mr. Hasanov uploaded pictures of Weiner's machines and began advertising them for sale on the "Vintage Coin -Op Restorations" Facebook page. Mr. Hasanov represented that Weiner's machines in the pictures were "original but fully restored" even though Mr. Hasanov knew that Weiner's machines had been materially altered. Relevant portions of the Facebook page are attached as Exhibit B and available online at https://www.facebook.com/VintageCoinOpRestorations/ (last visited December 13, 2018).

49. On that same day and Facebook page, Mr. Hasanov posted "Come and Visit us at the Chicagoland Coin Op Show! And see them for yourself and go home with a memory."

50. Also on October 23, Mr. Sky posted a comment below Mr. Hasanov's Facebook post, stating that "3 machines will be operating" and Weiner's "Better Than New Restored Machines" will be demonstrated at Collector-Concierge's booth at the Chicagoland Coin Op Show on November 16-18, 2018. Exhibit B.

51. On October 30, 2018, Paul Jones, the President of Mold-A-Rama, spoke with Mr. Sky regarding his unauthorized use of the MOLD-A-RAMA mark.

52. On October 31, 2018, Mr. Jones emailed Mr. Sky and reiterated to Mr. Sky that Mold-A-Rama owns the MOLD-A-RAMA trademark. Mr. Jones then explained that "the machines that you are attempting to sell, while once were Mold-A-Rama have had significant changes made to there [sic] mechanical components. Because of those changes you no longer have the right to call them Mold-A-Rama." Mr. Jones requested that Mr. Sky "have all forms of the term 'Mold-A-Rama' removed from the machines." Mr. Jones's email to Mr. Sky is attached as Exhibit C.

53. Also on October 31, 2018, Mr. Sky responded to Mr. Jones's email and stated that "I just sent a summary of our conversation yesterday to Bruce, the owner of the Mold A Rama machines I am engaged in representing for sale." Mr. Sky's email is attached as Exhibit D.

54. On or around November 16, 2018, Collector-Concierge brought at least three of Weiner's machines into Illinois and displayed the machine at the Chicagoland Coin Op Show ("the show") in Grayslake, Illinois.

55. Both Mr. Sky and Mr. Hasanov attended the show on behalf of Collector-Concierge and Mr. Weiner.

56. At the show, Collector-Concierge offered Weiner's machines for sale and represented Weiner's machines as a "Mold A Rama" Collection" on a poster displayed next to Weiner's machine. The MOLD-A-RAMA mark was also on the machine itself.

57. On December 4, 2018, counsel for Mold-A-Rama sent Weiner and Collector-Concierge a cease and desist letter demanding that they cease, among other things, all use of Mold-A-Rama's trademarks in connection with the promotion and sale of Mr. Weiner's machines. The letter is attached as Exhibit E. Defendants have not complied.

## COUNT I
## Federal Trademark Infringement - Lanham Act Section 32(1) (15 U.S.C. § 1114(1))

58. Mold-A-Rama realleges and incorporates by reference paragraphs 1 through 57 above as if fully set forth herein.

59. Mold-A-Rama is the owner of U.S. Registration No. 3,307,209 for the MOLD-A-RAMA mark.

60. Mold-A-Rama is the owner of all rights in and to the MOLD-A-RAMA trademark for use in connection with vending machine services that create and provide plastic souvenirs.

61. Defendants are not authorized to use Mold-A-Rama's MOLD-A-RAMA mark.

62. Weiner materially altered his machines. As a result, the machines owned by Mr. Weiner are no longer MOLD-A-RAMA vending machines. Instead, Weiner's machines are new products.

63. Defendants' retention of the MOLD-A-RAMA mark on the machines and their use of the MOLD-A-RAMA mark in connection with the marketing, promotion, offer for sale, or sale of Weiner's machines is a misnomer and likely to cause confusion as to the sponsorship, affiliation, or source of Weiner's machines.

64. Defendants' use of the MOLD-A-RAMA mark so resembles Mold-A-Rama's MOLD-A-RAMA mark as to be likely to cause confusion or mistake and/or to deceive.

65. By reason of the foregoing, consumers familiar with Mold-A-Rama's MOLD-A-RAMA mark who encounter Defendants' use of the MOLD-A-RAMA mark are likely to be confused or deceived as to the source of Defendants 'machines and/or are likely to mistakenly believe that Defendants' use of the MOLD-A-RAMA mark is authorized by or affiliated with Mold-A-Rama, all to the profit of Defendants and to the detriment of Mold-A-Rama and the public.

66. Defendants' use of the MOLD-A-RAMA mark infringes Mold-A-Rama's rights in the MOLD-A-RAMA mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67. Defendants' infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Mold-A-Rama's reputation, goodwill, and sales for which Mold-A-Rama cannot be adequately compensated by a monetary award.

68. Upon information and belief, Defendants' infringing acts have been intentional, willful, and in reckless disregard of Mold-A-Rama rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
### Federal Unfair Competition - Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

69. Mold-A-Rama realleges and incorporates by reference paragraphs 1 through 68 above as if fully set forth herein.

70. Defendants' use of the MOLD-A-RAMA mark constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

71. Defendants' acts of unfair competition have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Mold-A-Rama's reputation, goodwill, and sales for which Mold-A-Rama cannot be adequately compensated by a monetary award.

72. Upon information and belief, Defendants' acts of unfair competition have been intentional, willful, and in reckless disregard of Mold-A-Rama's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT III
### Illinois Deceptive Trade Practices (815 Ill. Comp. Stat. 510/1 *et seq.*)

73. Mold-A-Rama realleges and incorporates by reference paragraphs 1 through 72 above as if fully set forth herein.

74. Defendants' use of the MOLD-A-RAMA mark is likely to cause confusion and/or misunderstanding as to the source, sponsorship, approval, and/or certification of Defendants' vending machines.

75. As a result of the foregoing, Defendants have been and are engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

76. Defendants' deceptive trade practices have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Mold-A-Rama's reputation, goodwill, and sales for which Mold-A-Rama cannot be adequately compensated by a monetary award.

77. Upon information and belief, Defendants' deceptive trade practices have been willful within the meaning of 815 Ill. Comp. Stat. 510/3.

## COUNT IV
### Illinois Common Law Trademark Infringement

78. Mold-A-Rama realleges and incorporates by reference paragraphs 1 through 77 above as if fully set forth herein.

79. Defendants' use of the MOLD-A-RAMA mark infringes Mold-A-Rama's rights in the MOLD-A-RAMA mark in violation of Illinois common law.

80. Defendants' infringing acts have caused, and unless restrained and enjoined by this Court, will continue to cause, a likelihood of consumer confusion, mistake, and deception and irreparable injury to Mold-A-Rama's reputation, goodwill, and sales for which Mold-A-Rama cannot be adequately compensated by a monetary award.

**PRAYER FOR RELIEF**

WHEREFORE, Mold-A-Rama requests relief from this Court as follows:

(a) A judgment that Defendants have infringed and are infringing Mold-A-Rama's rights in the MOLD-A-RAMA mark in violation of 15 U.S.C. § 1114(1);

(b) A judgment that Defendants' use of MOLD-A-RAMA mark constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

(c) A judgment that Defendants have been and are engaged in deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/1 *et seq.*;

(d) A judgment that Defendants have infringed and are infringing Mold-A-Rama's rights in the MOLD-A-RAMA mark in violation of Illinois common law;

(e) An injunction that preliminarily and permanently enjoins Defendants, including their officers, agents, employees, and representatives, and those acting in privity and/or concert therewith, from further use of the MOLD-A-RAMA mark, or any colorable form thereof, in connection with Weiner's machines;

(f) An order requiring withdrawal from the market and destruction of all signage and materials containing Defendants' use of the MOLD-A-RAMA mark in connection with Weiner's machines;

(g) An award of damages to Mold-A-Rama that is adequate to compensate it for Defendants' infringement of the MOLD-A-RAMA mark, unfair competition, and deceptive trade practices, together with pre- and post-judgment interest and costs;

(h) A declaration that this is an exceptional case and an award of attorneys' fees, disbursements, and costs to Mold-A-Rama pursuant to 15 U.S.C. § 1117 and 815 Ill. Comp. Stat. 510/3; and

  (i)  Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Mold-A-Rama demands a trial by jury on all issues properly tried thereto.

Dated this 17th day of December, 2018.  Respectfully submitted,

  */s/ Nicole M. Murray*
  Nicole M. Murray, ARDC# 6278103
  nicole.murray@quarles.com
  Michael H. Fleck, ARDC# 6305929
  michael.fleck@quarles.com
  QUARLES & BRADY LLP
  300 N. LaSalle Street, Suite 4000
  Chicago, IL 60654
  (312) 715-5000

  ***Attorneys for Plaintiff Mold-A-Rama Inc.***